**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000603
31-AUG-2017
07:57 AM**

NO. CAAP-16-0000603

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
ANTONY TAHI,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-15-014633)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Chan, JJ.)

Defendant-Appellant Antony Tahi (Tahi) appeals from the Judgment and Notice of Entry of Judgment, entered by the District Court of the Second Circuit (district court)[1] on August 3, 2016. The district court convicted Tahi of one count of resisting an order to stop a motor vehicle, in violation of Hawaii Revised Statutes (HRS) § 710-1027(1).[2] Tahi argues that the district

_____

[1] The Honorable Kelsey T. Kawano presided.

[2] HRS § 710-1027 (Supp. 2016) provides in relevant part:

> (1) A person commits the offense of resisting an order to stop a motor vehicle in the second degree if the person intentionally fails to obey a direction of a law enforcement officer, acting under color of the law enforcement officer's official authority, to stop the person's vehicle.

court erred by (1) holding that the "choice of evils" defense was inapplicable, and (2) convicting him based on insufficient evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we address Tahi's points of error as follows, and affirm.

(1)  Tahi contends that the district court erred in holding that the "choice of evils" defense was inapplicable. Specifically, Tahi argues that the "choice of evils" defense applied to his alleged offense because pulling over his vehicle before reaching McDonald's would have required him to park in an area where other cars had been broken into or stolen, or risk receiving a citation for obstructing a driveway or bike path, either of which would have presented a greater risk of harm than disobeying Officer Chopra's order to stop.

The "choice of evils" defense provides justification for "conduct which the actor believes to be necessary to avoid an imminent harm or evil . . . ." HRS § 703-302(1) (2014).  Here, Tahi argues that he was justified in not pulling over earlier because "he did not reasonably believe that there was a safe place prior to the McDonald's parking lot to pull over where his vehicle would not be burned, jacked or vandalized."  We conclude that Tahi failed to show that the alleged harm he sought to avoid was imminent.  Rather, the harm Tahi allegedly sought to avoid was contingent on his being arrested, having to leave his car overnight, and the possibility that his car would be broken into. In fact, Tahi's conduct prolonged the police officers' pursuit of him, which posed increased risks of harm to Tahi and other drivers on the road.  See State v. DeCastro, 81 Hawaiʻi 147, 154, 913 P.2d 558, 565 (1996) ("It is common knowledge that police efforts to stop a motorist who refuses to stop his vehicle pose serious risks of danger to participants and others.")

Since any purported harm was not imminent, the district court did not err in concluding that the "choice of evils"

defense was inapplicable.

(2) Tahi also argues that the district court reversibly erred and violated his right to due process in convicting him based on insufficient evidence. We disagree.

To convict Tahi, the State was required to prove beyond a reasonable doubt that Tahi intentionally failed to obey Officer Chopra's order to stop his vehicle. See HRS § 710-1027. A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct. HRS § 702-206(1)(a) (2014).

In considering the evidence in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), we conclude that there was sufficient evidence to show that Tahi knew Officer Chopra was ordering him to pull over and stop his vehicle, and Tahi intentionally disobeyed the order. Officer Chopra testified that he and another officer pursued Tahi in their police vehicles for about three to four minutes with their blue lights and sirens activated, during which time Tahi looked in his rearview mirror twice and passed areas where vehicles commonly parked. Moreover, once Tahi stopped his vehicle, the passenger side door flew open, and an unknown male jumped out, hopped a fence, and ran away. When Officer Chopra approached Tahi in his vehicle, he noted an overwhelming odor of marijuana.

Although Tahi testified that he did not pull over immediately because he wanted to find a place where his car would not be broken into or stolen, as noted above, such conduct was not necessary to avoid imminent harm, and therefore, the "choice of evils" defense was inapplicable.

Accordingly, we conclude that there was sufficient evidence to support Tahi's conviction.

3

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered by the District Court of the Second Circuit on August 3, 2016, is affirmed.

DATED:  Honolulu, Hawai'i, August 31, 2017.

On the briefs:

Allison M. Carkin,
Deputy Public Defender,
for Defendant-Appellant.

John D. Kim,
Artemio C. Baxa,
Special Deputy Prosecuting
Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4